HENNEPIN LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22554.   Promulgated March 14, 1930.

*Samuel J. Maslon, Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

**OPINION.**

TRUSSELL: The petitioner admits that it made a mistake in deducting $14,993.08 as bad debt by the reserve method for only the one year 1922, but its contention now is that it should not be penalized by a technicality and that it is entitled to an additional bad debt deduction in the amount of $14,993.08 instead of the deduction for a reserve.

In the case of *Rhode Island Hospital Trust Co.*, 8 B. T. A. 555, the facts briefly were that the taxpayer had maintained a reserve for bad debts for the years 1919, 1920, and 1921; and that for the year 1921 the taxpayer took a deduction for specific bad debts and also for an addition to the reserve. The Board approved the Com-

missioner's disallowance of the addition to the reserve and held that the taxpayer was not entitled to a deduction for specific bad debts, and in addition thereto, a deduction for a reserve for bad debts. Upon appeal the Circuit Court, 29 Fed. (2d) 339, held that while the taxpayer was entitled to but one of the said deductions, its error in originally claiming both deductions did not destroy its real rights, which should not be determined upon merely technical grounds, and that an addition to the reserve should be allowed including the specific bad debt item. The converse of that rule applies to the case at bar and we are of the opinion that if petitioner is entitled to the claimed deduction of $14,993.08 it should be allowed as a specific bad debt deduction in place of the so-called reserve, which has not been maintained since 1922 and which was in effect a write-down of the account of the American Building Co.

The testimony of the single witness, petitioner's secretary and manager, is directed solely to the estimated shrinkage in the value of the collateral security for the notes. The petitioner has failed to show the financial condition of the American Building Co. in 1922, other than the witness' statement that it was very poor, and petitioner has failed to fully establish the worthlessness of the notes in 1922. The evidence indicates that all of the contracts for deeds assigned to petitioner were taken as blanket collateral for all of the notes, but the record does not disclose the total amount of such collateral.

No part of the collateral was sold or disposed of in 1922, and no specific loss or bad debt was realized or ascertained in that year. Aside from the fact that it has not been definitely established, as a matter of record, that the notes were worthless in 1922, the petitioner had not in that year exhausted its collateral security and we are of the opinion that petitioner is not entitled to a specific bad debt deduction in the amount of $14,993.08 for the year 1922. Cf. *Frank D. Stranahan et al.*, 14 B. T. A. 1405; *Richard M. Fox*, 15 B. T. A. 774; *W. F. George et al.*, 16 B. T. A. 651.

*Judgment will be entered for the respondent.*